LAWRENCE BREWSTER, Regional Solicitor
DAVID M. KAHN, Counsel for Employment Standards
California State Bar Number 230957
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, CA 94103
Telephone: (415) 625-7756
Facsimile: (415) 625-7772
email: kahn.david.m@dol.gov

Attorneys for Plaintiff, Hilda L. Solis, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> MT. DIABLO FLOORING SYSTEMS, INC., a corporation; GLADSTONE JONES, an individual; and DAMIAN JONES, an individual, <br><br> Defendants. | Case No.: 4:09-cv-04613-CW <br><br> CONSENT JUDGMENT |

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary") having filed her complaint, and Defendants, Mt. Diablo Flooring Systems, Inc., Gladstone Jones, and Damian Jones, having waived answer of the complaint, and having been duly advised on the proceedings, and having agreed to the entry of this Consent Judgment in settlement of this case without contest.

*Consent Judgment* 1

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereafter the "Act" or the "FLSA"), that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

2. Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

3. Defendants shall not withhold payment of $34,314.45 which represents the unpaid minimum wage and overtime compensation hereby found to be due, for the period from August 22, 2006, through August 21, 2008, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

4. The provisions of paragraph 3 of this Consent Judgment shall be satisfied by Defendants having delivered to the Secretary's representative the following:

    a. A schedule in duplicate showing the name, last known address, social security number, gross amount of wages due (i.e. the amounts shown as "Back Wages Due" on Exhibit A hereto), amounts deducted from gross wages for each employee's share of social security and withholding taxes, and the net amount of such payment for each employee named in Exhibit A.

    b. Payment shall be in the form of a cashier's check made payable to the order of the "Wage and Hour Div., Labor" and equal to the total net amount due each employee named in Exhibit A after deducting the amount of legal deductions as listed on the schedule referred to in subparagraph (a) above from the gross amount of wages in the "Back Wages Due" column as listed opposite each employee's name in Exhibit A attached.

    c. The payment shall be made by mailing such check by certified mail with the schedule hereinbefore described to the United States Department of Labor, Office of the Solicitor, 90 Seventh Street, Suite 3-700, San Francisco, California 94103.

5. The amount so paid shall be used by the Secretary to satisfy the obligations imposed under the provisions of Section 17 of the FLSA, 29 U.S.C. § 217, and shall be distributed to the employees named and in the amount set forth in Exhibit A to this Consent Judgment (or to their heirs or estates). Any monies not distributed by the Wage and Hour Division because of a failure to locate an employee or because of an employee's refusal to accept said distribution shall be deposited with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

6. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated this \_\_21st\_\_ day of \_\_December\_\_, 2009.

*[signature]*

U.S. DISTRICT JUDGE

Defendants hereby consent to the entry of this judgment on this \_\_8th\_\_ day of \_\_December\_\_, 2009.

*[signature]*
GLADSTONE JONES, Individually and on behalf of Mt. Diablo Flooring Systems, Inc.

*[signature]*
DAMIAN JONES, Individually

Dated: *December 10, 2009*

DEBORAH GREENFIELD
Acting Deputy Solicitor

LAWRENCE BREWSTER
Regional Solicitor

*[signature]*
DAVID M. KAHN
Counsel for Employment Standards

Attorneys for U.S. Department of Labor

# EXHIBIT A

| Employee | Back Wages Due |
|---|---:|
| Edgar A. Alvarado | $883.02 |
| Miguel R. Barajas | 588.79 |
| Ken L. Carlson | 214.11 |
| Alejandro Damian | 875.14 |
| Fernando P. Damian | 878.20 |
| Gabriel P. Damian | 472.84 |
| Gabriel V. Damian | 2,983.66 |
| Luis E. Damian | 495.63 |
| Juan P. Galan | 405.48 |
| Eduardo Hernandez | 367.51 |
| Jaime Hernandez | 636.96 |
| Jesse Hernandez | 49.03 |
| Jesus Hernandez | 3,042.73 |
| Victor R. Hernandez | 1,826.75 |
| Jesus G. Mendoza | 1,409.93 |
| Luis R. Mendoza | 2,940.20 |
| Humberto G. Millian | 449.84 |
| Arturo Moreno | 182.75 |
| Arthur Scott Myers | 65.09 |
| Jose G. Perez | 489.56 |
| Pablo Perez | 1,778.32 |
| Jorge G. Ramirez | 72.70 |
| Salvodor R. Rico | 505.43 |
| Francisco M. Rodriguez | 1,572.17 |
| Hugo Salazar | 3,449.15 |
| Jorge V. Salazar | 67.24 |
| Miguel M. Salazar | 2,757.07 |
| Benjamin Serrano | 851.42 |
| Francisco Serrano | 733.63 |
| Ramon Trejo | 2,189.69 |
| Ramon Trejo Jr. | 1,080.41 |
| **Total Due:** | **$34,314.45** |